IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Edward Eugene Donnal, | Case No. 3:15 CV 1550 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Dr. Carlos Perez, et al., | |
| Defendants. | |

## INTRODUCTION

*Pro se* Plaintiff Edward Eugene Donnal filed this Complaint under 42 U.S.C. § 1983 against Allen Correctional Institution ("ACI") staff: Dr. Carlos Perez, Health Care Administrator Kristine Edwards, Dr. Patel aka Patell, Nurse Amy Pederson, and Inspector Joann Factor.  Plaintiff alleges these Defendants were deliberately indifferent to his serious medical condition in violation of the Eighth Amendment.  He seeks monetary damages.

## BACKGROUND

Plaintiff submitted a health care request form complaining of shortness of breath and sweating while walking.  He was called to Inmate Health Services on Monday, February 17, 2014 where Nurse Pederson examined him.  She acknowledged she was not a doctor, noting Plaintiff may have congestive heart failure and referred him to see Dr. Perez (Doc. 1 at 4).

Two days later, on Wednesday, February 19, 2014, Plaintiff received a pass to see Dr. Perez. Plaintiff arrived at 10:15 AM, but was told to return after lunch.  Later that afternoon, while Dr. Perez was seeing other patients, Plaintiff complained to a corrections officer that Plaintiff had been waiting to see the doctor since 10:15 AM.  The corrections officer found a nurse who took Plaintiff's vital signs at 4:00 PM. He did not see Dr. Perez, but instead saw Dr. Patel soon afterward.  Plaintiff

reiterated to the doctor that he was having difficulty breathing, and was experiencing discomfort in his left chest. When asked if he had a family history of blood clots, Plaintiff indicated his father and twin brother both suffered from them. Patel ordered a chest x-ray and blood work. Plaintiff states he had a chest x-ray on February 20, 2014 but did not get the blood test at that time (*id.* at 5–6).

Five days after he received a chest x-ray, Plaintiff had a heart attack. He alleges he was unconscious for five or six minutes and those around him were unable to detect breathing or a pulse (*id.* at 6). He was taken by ambulance to St. Rita's Hospital, where he was transferred to The Ohio State Medical Center. There, Plaintiff received a CAT scan that revealed a double pulmonary embolism. Plaintiff had surgery and spent two days in the Intensive Care Unit (*id.* at 8–9). He claims he received a pass for a blood test only after he returned from the hospital.

Plaintiff claims Defendants were deliberately indifferent to his serious medical needs. He states his complaints of chest pains and shortness of breath should have alerted a medical professional that he was having a heart attack or had blood clots in his lungs. He contends his heart sustained damage and he will continue to have chest pain for the remainder of his life. He claims Inspector Factor denied his grievance.

## STANDARD FOR DISMISSAL

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The district court, however, is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief may be granted or lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). An action has no arguable basis in law when defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Id*. at 327. An action has no arguable

factual basis when the allegations are "delusional" or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

This Court must construe the Complaint in the light most favorable to Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint must contain "more than labels and conclusions" or "a formulaic recitation of the elements." *Id*. at 555. A complaint need not contain detailed factual allegations, but its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. This Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A claim is plausible when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ANALYSIS

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court remarked that "having stripped [inmates] of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." *Id*. at 833. The Eighth Amendment protects inmates by requiring "prison officials . . . ensure . . . inmates receive adequate food, clothing, shelter, and medical care, and . . . 'take reasonable measures to guarantee the safety of the inmates.'" *Id*. at 832 (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)).

This, however, does not mandate a prisoner be free from discomfort or inconvenience during his or her incarceration. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (citing *Rhodes*, 452 U.S. at 346). Prisoners are not entitled to unlimited access to the medical treatment of their choice, s*ee Hudson v. McMillian*, 503 U.S. 1, 9 (1992), nor can they "expect the amenities, conveniences and services of a good hotel," *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir. 1988). In sum, the Eighth Amendment affords the constitutional minimum protection against conditions of confinement that constitute health threats, but does not address conditions that cause the prisoner to feel merely uncomfortable, aggravated, or annoyed. *Hudson*, 503 U.S. at 9–10 (requiring extreme or grave deprivation).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. First, Plaintiff must plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson*, 503 U.S. at 8. Routine discomforts of prison life do not suffice. *Id.* at 9. Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* Second, Plaintiff must establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id*. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In the context of a claim regarding medical treatment, an inmate must show two elements to demonstrate a violation of his Eighth Amendment rights. First, Plaintiff must show he was suffering from a "serious" medical need. If he establishes he was suffering from a serious medical need, he must demonstrate the prison officials were "deliberately indifferent" to the serious medical need, not merely negligent in diagnosing his condition or treating it. *Id*.

In this case, Plaintiff suffered a heart attack from two pulmonary embolisms. This qualifies as a serious medical condition. This Court thus turns it attention to whether one or more Defendants were deliberately indifferent to his condition, not merely negligent in his treatment.

To show Defendants were deliberately indifferent to a serious medical need, Plaintiff must allege facts to suggest each official knew of and disregarded an excessive risk to Plaintiff's health or safety. The official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (quoting *Farmer*, 511 U.S. at 837).

Plaintiff names Dr. Perez as a Defendant based on the fact that Perez kept him waiting from 10:15 AM until 4:00 PM. Plaintiff, however, did not see Dr. Perez and was not examined by him. Plaintiff does not allege enough facts to suggest Dr. Perez was fully aware of the risk of serious harm. Nurse Pederson wrote in the chart her impression that he was suffering from congestive heart failure. There is no allegation Dr. Perez even saw the chart. Moreover, he would be at best, negligent for failing to fully comprehend the severity of the situation.

Similarly, Plaintiff does not allege sufficient facts to suggest the Health Care Administrator or the Institutional Inspector were aware of Plaintiff's health issues before he was hospitalized. Plaintiff's allegations against these Defendants pertain to their respective roles in the grievance process. Without more, responding to a grievance or otherwise participating in the grievance

5

procedure is insufficient to trigger liability under 42 U.S.C. § 1983. *Shehee v. Luttrell*, 199 F.3d. 295, 300 (6th Cir. 1999).

Plaintiff claims Nurse Pederson examined him and incorrectly speculated he was suffering from congestive heart failure. She nevertheless scheduled him to see the doctor the next day. While her note about congestive heart failure in his file may have contributed to the confusion and delay in seeing the doctor promptly the next day, the allegations in the pleading do not suggest that she was aware he was suffering from something more serious and refused him medical care.

That leaves Plaintiff's claim against Dr. Patel. Patel examined Plaintiff and correctly surmised he had blood clots in his lungs. He ordered a chest x-ray but did not ensure that the blood work order went through at the same time. He apparently did not follow up with Plaintiff or arrange for him to seek more immediate medical attention. Of course, the actual medical records may tell a different story. On the face of the Complaint, however, Plaintiff has stated a plausible claim against Dr. Patel for deliberate indifference to serious medical needs under the Eighth Amendment.

## CONCLUSION

Accordingly, Plaintiff's claims against Perez, Edwards, Pederson, and Factor are dismissed under 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This case shall proceed solely on the Eighth Amendment claim against Dr. Patel aka Patell. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this Order in the documents to be served upon Defendant.

IT IS SO ORDERED.

                                                   s/ *Jack Zouhary*
                                                   JACK ZOUHARY
                                                   U. S. DISTRICT JUDGE

                                                   November 30, 2015